**HAYES PAWLENKO LLP**
MATTHEW B. HAYES (SBN 220639)
mhayes@helpcounsel.com
KYE D. PAWLENKO (SBN 221475)
kpawlenko@helpcounsel.com
595 E. COLORADO BLVD., SUITE 303
PASADENA, CA 91101
(626) 808-4357; FAX (626) 921-4932

Attorneys for Plaintiff
ANNETTE HORN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE HORN, an individual on behalf of herself and others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> RISE MEDICAL STAFFING, LLC; and DOES 1 to 10 inclusive, <br><br> Defendants. | Case No. <br><br> <u>CLASS ACTION COMPLAINT FOR</u>: <br><br> 1. Failure to Pay Overtime Wages (Cal. Labor Code §§ 510, 1194) <br> 2. Unfair Business Practices (Cal. Business & Professions Code § 17200, et seq.) <br> 3. Waiting Time Penalties (Cal. Labor Code § 203) <br><br> AND DEMAND FOR JURY TRIAL |

Plaintiff ANNETTE HORN ("Plaintiff"), on behalf of herself and all others similarly situated, allege as follows:

## NATURE OF THE ACTION

1.    This is a California-wide class action against RISE MEDICAL STAFFING, LLC ("Rise") for (1) failing to include all remuneration in the regular rate of pay when calculating overtime wages and (2) failing to timely pay all wages owing at termination of employment.

## JURISDICTION

2.    This Court has jurisdiction under 28 U.S.C. § 1332 because the amount in controversy in this action exceeds $75,000, exclusive of interests and costs, and because the parties are citizens of different States.

## VENUE

3.    This action may be brought in this judicial district pursuant to 28 U.S.C. § 1391 because Rise is a resident of this judicial district and all DOE defendants are California residents.

## PARTIES

4.    Plaintiff Annette Horn is a citizen of Nebraska who was employed by Rise as a travel nurse in Palm Springs, California between May 2016 and June 2016, and between January 2017 and April 2017.

/ / /

5.      Defendant Rise Medical Staffing, LLC is a Delaware limited liability company that maintains its principal place of business in Sacramento, California.

6.      Plaintiff is currently unaware of the true names and capacities of the defendants sued by the fictitious names DOES 1 through 10, inclusive, and, therefore, sues those defendants by fictitious names.    Plaintiff alleges on information and belief that each of the DOE defendants is responsible or liable in some manner for the conduct alleged in the complaint and that Plaintiff's damages as herein alleged were proximately caused by those DOE defendants.    Plaintiff will amend this complaint to allege the true names and capacities of such fictitiously named defendants when they are ascertained.

7.      Plaintiff alleges on information and belief that, at all times herein mentioned, each of the defendants was the agent, servant and employee of each of the other defendants, and in connection with the conduct hereinafter alleged, was acting within the scope of such agency and employment, and each defendant ratified each and every act, omission and thing done by each and every other defendant named herein.

8.      Defendants Rise Medical Staffing, LLC and DOES 1 through 10 will be referred to hereafter, collectively, as "Defendants."

/ / /

/ / /

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

3

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9.    Rise is healthcare staffing company that employs hourly health care professionals for short-term travel assignments at health care providers throughout California.

10.    The terms and conditions of employment between Rise and their hourly health care professionals in California are governed by a form agreement titled "Rise Medical Staffing Travel Employment Agreement" (hereafter "Employment Agreement").

11.    The Employment Agreement provides that for the duration of the assignment, Rise will reimburse hourly health care professionals' housing expenses by paying them a weekly "Housing Per Diem."

12.    The Employment Agreement further provides that for the duration of the assignment, Rise will reimburse hourly health care professionals' meals and incidentals expenses by paying them a weekly "M&IE Per Diem."

13.    In order to receive the full amount of the Housing Per Diem and the M&IE Per Diem, the Employment Agreement requires hourly health care professionals to work a minimum number of hours.

14.    When hourly health care professionals fail to work the minimum number of hours required, the Employment Agreement provides for a "Minimum hours adjustment" whereby Rise applies an hourly rate reduction to the amount of

the Housing Per Diem and the M&IE Per Diem for each hour below the minimum.

15. The Housing Per Diem and the M&IE Per Diem amounts are thus not based upon the actual housing and meals and incidentals expenses incurred by the hourly healthcare professional while on assignment for Rise, but instead are based upon, and vary with, the number of hours that they work.

16. Notwithstanding that the amounts of the Housing Per Diem and the M&IE Per Diem are based upon, and vary with, the number of hours worked by hourly healthcare professionals, Rise does not include the value of the Housing Per Diem or the M&IE Per Diem in the hourly healthcare professionals' regular rates of pay for purposes of calculating overtime wages.

17. The Employment Agreement also provides for various forms of remuneration in addition to an hourly wage, the Housing Per Diem and the M&IE Per Diem including, without limitation, a non-discretionary "sign-on" and a non-discretionary "completion bonus."

18. Rise does not include the value of this additional remuneration in the health care professionals' regular rates of pay for purposes of calculating overtime wages.

19. Plaintiff's employment with Rise was governed by two Employment Agreements, each of which provided for a Housing Per Diem and a M&IE Per Diem and required her to work a minimum number of hours in order to receive the

full value of her Housing Per Diem and M&IE Per Diem.

20.    When Plaintiff worked in excess of 8 hours per day, Rise did not include the value of her Housing Per Diem and/or M&IE Per Diem in her regular rate of pay for purposes of calculating her overtime wages.

21.    One of Plaintiff's Employment Agreements further provided for a non-discretionary "sign-on" bonus that she earned after completing four weeks and 144 hours of work.

22.    When Plaintiff worked in excess of 8 hours per day, Rise did not include the value of her "sign-on" bonus in her regular rate of pay for purposes of calculating her overtime wages.

## CLASS ACTION ALLEGATIONS

23.    Plaintiff brings this action on behalf of herself and all others similarly situated pursuant to Federal Rule of Civil Procedure 23.   Plaintiff seeks to represent a California class composed of the following:

All non-exempt hourly health care professionals employed by Defendants in California from September 21, 2013 through the date of class certification whose employment was governed by an Employment Agreement that provided for remuneration in addition to an hourly wage and a "minimum hours adjustment."

/ / /

24.    Plaintiff reserves the right to amend or modify the class description or establish additional subclasses as appropriate.

25.    This action has been brought and may properly be maintained as a class action under Rule 23.

**A. Numerosity**

26.    The potential members of the class as defined are so numerous that joinder of all the members of the class is impracticable.  While the precise number of members of the class has not been determined at this time, Plaintiff is informed and believes that the class contains in excess of 100 individuals.

**B. Commonality**

27.    There are questions of law and fact common to the class that predominate over any questions affecting only individual class members.  These common questions include, without limitation, whether Defendants unlawfully excluded remuneration from class members' regular rates of pay for purposes of calculating overtime wages.

**C. Typicality**

28.    The class claims of the proposed class representative are typical of the claims of each class member.  As with other members of the class, when Plaintiff worked in excess of 8 hours per day, Defendants failed to include all remuneration in her regular rate of pay for purposes of calculating her overtime wages.

### D.    Adequacy of Representation

29.    Plaintiff will fairly and adequately represent and protect the interests of the members of the class.  Counsel who represent Plaintiff are competent and experienced in litigating employment class actions.

### E.    Superiority of Class Action

30.    A class action is superior to other available means for the fair and efficient adjudication of the class claims.  Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class.  Each member of the class has been damaged and is entitled to recover by reason of Defendants' illegal common policies.

### FIRST CAUSE OF ACTION

### CLASS ACTION CLAIM FOR FAILURE TO PAY OVERTIME

### (LABOR CODE §§ 510, 1194)

31.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

32.    Labor Code section 510 requires an employer to provide premium overtime pay for all work in excess of 8 hours per day and 40 hours per week.

/ / /

33.    Labor Code section 1194 entitles an employee receiving less than the legal overtime pay to recover, in a civil action, the unpaid balance of overtime wages owing, plus interest thereon, reasonable attorneys' fees, and costs of suit.

34.    As a result of Defendants' failure to include all remuneration in health care professionals' regular rates of pay for purposes of calculating overtime wages, Plaintiff and other members of the class were not paid the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week.

35.    Plaintiff seeks to recover, on behalf of herself and other class members, payment of the overtime wages owing to them, plus penalties and interest, attorneys' fees and costs, in an amount to be proven at trial.

## SECOND CAUSE OF ACTION

## CLASS ACTION CLAIM FOR UNFAIR BUSINESS PRACTICES

## (BUSINESS & PROFESSIONS CODE § 17200, et seq.)

36.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

37.    A violation of California Business & Professions Code section 17200, *et seq.* may be predicated on the violation of any state or federal law.

/ / /

38.    Defendants' failure to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week violates Business & Professions Code section 17200, *et seq.*, by virtue of violating Labor Code section 510.

39.    Defendants' collection of wages from Plaintiff and other class members when they did not work the minimum number of hours required by their Employment Agreements violates Business & Professions Code section 17200, *et seq.*, by virtue of violating Labor Code section 221, which prohibits an employer from collecting or receiving any part of wages paid.

40.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, the other class members, and the general public.  Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

41.    Defendants' activities, as alleged herein, are violations of California law, and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, *et seq.*

42.    Pursuant to California Business & Professions Code section 17200, *et seq.*, Plaintiff and other class members are entitled to an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period, an award of attorneys' fees pursuant to California Code of Civil

Procedure section 1021.5 and other applicable laws, and an award of costs.

## THIRD CAUSE OF ACTION

## CLASS ACTION CLAIM FOR WAITING TIME PENALTIES

## (LABOR CODE §§ 201, 202, 203)

43.     Plaintiff realleges and incorporates herein by reference each and every allegation contained in the preceding paragraphs of this Complaint as though fully set forth herein.

44.     Labor Code sections 201 and 202 require an employer to promptly pay all wages owing to an employee at the conclusion of employment.

45.     Plaintiff and some other members of the class are no longer employed by Defendants.

46.     Throughout the class period, Plaintiff and other class members who are former employees of Defendants were not timely paid all wages owing at the time of termination of employment because during their employment they were not paid the correct overtime rates of pay.

47.     Defendants' failure to pay Plaintiff and other class members who are former employees of Defendants all wages owing, as alleged above, was willful, as Defendants intentionally excluded remuneration from their regular rates of pay for purposes of calculating overtime wages.

/ / /

48.    Plaintiff and other class members who are former employees of Defendants commencing on September 21, 2014 are therefore entitled to penalties, in an amount to be determined at trial, pursuant to Labor Code section 203, which provides that an employee's wages shall continue as a penalty until paid for a period of up to thirty (30) days from the time they were due.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

### Class Certification

1.  That this action be certified as a class action;

2.  That Plaintiff be appointed as the representative of the class; and

3.  That counsel for Plaintiff be appointed as class counsel.

### First Cause of Action

4.    That the Court declare, adjudge and decree that Defendants violated Labor Code section 510 by failing to pay Plaintiff and other class members the correct overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week;

5.    For unpaid overtime wages and such general and special damages as may be appropriate;

6.    For pre-judgment interest on any unpaid overtime wages owing commencing from the date such amounts were due;

CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

7.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to Labor Code section 1194(a); and

8.     For such other and further relief as the Court may deem equitable and appropriate.

## Second Cause of Action

9.     That the Court declare, adjudge and decree that Defendants violated Business & Professions Code section 17200, et. seq. by (1) failing to pay Plaintiff and other class members the correct premium overtime rates for all hours worked in excess of 8 hours per day and/or 40 hours per week in violation of Labor Code section 510, and/or (2) collecting wages from Plaintiff and/or other class members when they did not work the minimum number of hours required by their Employment Agreements in violation of Labor Code section 221;

10.     For an accounting for and restitution of the wages unlawfully withheld and retained by Defendants during the class period;

11.     Fort reasonable attorneys' fees and costs of suit incurred herein pursuant to Code of Civil Procedure section 1021.5; and

12.     For such other and further relief as the Court may deem equitable and appropriate.

/ / /

/ / /

### Third Cause of Action

13.    That the Court declare, adjudge and decree that Defendants violated Labor Code sections 201, 202 and 203 by willfully failing to pay all wages owed at the time of termination of employment of Plaintiff and other class members who are former employees of Defendants commencing on September 21, 2014;

14.    For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and all other class members who are former employees of Defendants commencing on September 21, 2014; and

15.    For such other and further relief as the Court may deem equitable and appropriate.

### <u>DEMAND FOR JURY TRIAL</u>

Plaintiff hereby demands trial of these claims by jury to the extent authorized by law.

DATED:  September 21, 2017                **HAYES PAWLENKO LLP**

By:/s/Kye D. Pawlenko
Matthew B. Hayes
Kye D. Pawlenko
Attorneys for Plaintiff