KENNETH D. SULZER (SBN 120253)
ksulzer@constangy.com
SARAH KROLL-ROSENBAUM (SBN 272358)
skroll-rosenbaum@constangy.com
SAYAKA KARITANI, (SBN 240122)
skaritani@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
2029 Century Park East, Suite 1100
Los Angeles, CA 90067
Telephone: (310) 909-7775

Attorneys for Defendant
RISE MEDICAL STAFFING, LLC

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE HORN, an individual on behalf of herself and others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>RISE MEDICAL STAFFING, LLC; and DOES 1 to 10 inclusive,<br><br>Defendants. | Case No. 2:17-cv-01967-MCE-KJN<br><br>**STIPULATION AND PROTECTIVE ORDER**<br><br>Hon. Morrison C. England, Jr. |

## **PURPOSE AND GOOD CAUSE FOR PROTECTIVE ORDER**

Disclosure and discovery activity in this action are likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Pursuant to Local Rule 141.1(c)(1), the types of information eligible for protection in this action includes customer and pricing lists and other valuable research, development, commercial, financial, technical and/or other proprietary information. Such confidential and proprietary Materials and information consists of, among other things, confidential business or financial information, information regarding confidential business practices, or other

confidential, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.

Pursuant to Local Rule 141.1(c)(2), there is a need to protect this type of evidence. A party's trade secret, confidential, competitive, or proprietary information could be abused if its use were not limited to this lawsuit. For example, third party competitors could exploit confidential information to their advantage were it made public. In some cases, disclosure of this type of evidence could breach confidentiality agreements or violate privacy or consumer protection laws.

Pursuant to Local Rule 141.1(c)(3), the parties seek a Protective Order, as opposed to entering into a private agreement, because the proposed Order provides mechanisms for the resolution of disputes and the handling of designated evidence that involve the Court. Therefore, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and to serve the ends of justice, there is good cause for a protective order for such information. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order ("Order"). The parties have agreed to be bound by the terms of this Order in this action.

## DEFINITIONS

1. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be Confidential Information by any party to which it belongs.

2. The term "Materials" will include all documents, electronically stored information, and tangible things, including but not limited to: correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3. The term "Counsel" will mean Plaintiff and Defendant's respective outside counsel of record, including all attorneys, paralegals, secretaries, and other support staff in their employ, and in-house attorneys for Defendant Rise Medical Staffing, LLC.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order may designate the same as "CONFIDENTIAL." Any party may designate information as

"CONFIDENTIAL" if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such party.

5. Whenever a deposition taken on behalf of any party involves a disclosure of Confidential Information of any party:

    (a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until fourteen (14) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL."

    (b) the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to paragraph 7 below; and

    (c) the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

6. All Confidential Information designated as "CONFIDENTIAL" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event,

must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

7. Information designated "CONFIDENTIAL" must be viewed only by Counsel (as defined in paragraph 3) of the receiving party, by independent experts, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has agreed in writing to be bound by its terms by signing the "Agreement to Be Bound by Protective Order," attached hereto as Exhibit A:

    (a) Executives who are required to participate in policy decisions with reference to this action;

    (b) Technical personnel of the parties with whom Counsel for the parties find it necessary to consult, in the discretion of such Counsel, in preparation for trial of this action; and

    (c) Stenographic and clerical employees associated with the individuals identified above.

8. With respect to material designated "CONFIDENTIAL," any person indicated on the face of the document to be its originator, author or a recipient of a copy of the document, may be shown the same.

9. All information which has been designated as "CONFIDENTIAL" by the producing or disclosing party, and any and all reproductions of that information, must be retained in the custody of the Counsel for the receiving party identified in paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

10. Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, or

-5-
STIPULATION AND PROTECTIVE ORDER;
Case No. 2:17-cv-01967-MCE-KJN

before any reference is made to any content within any designated Materials in any briefs or other papers to be filed with the Court, the party seeking to file such material must give the designating party at least fourteen (14) calendar days-notice of its intent to file. If the designating party objects, the designating party shall notify the receiving party and seek permission of the Court to allow the receiving party to file the Material under seal pursuant to Local Rule 141. After notice from the designating party of its objection, the receiving party shall provide the designating party a copy of any proposed brief or other paper that includes the specific reference to (or quote from) the designated Material at least five (5) calendar days before the filing deadline so that the designated party can present those papers to the Court with its application to seal. If the Court does not grant the designating party's application to allow the receiving party to file the Material under seal by 5 p.m. Pacific Time on the day of filing, the receiving party may proceed to file the Material with the Court not under seal.

11. At any stage of these proceedings, any party may object to a designation of the Materials as Confidential Information. The party objecting to confidentiality must notify, in writing, Counsel for the designating party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within ten (10) days of receipt of such a notice of objections, the objecting party may move the Court for a ruling on the objection. The Materials at issue must be treated as Confidential Information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

12. All Confidential Information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each party, and each person receiving Confidential Information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the

-6-

attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

13. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

14. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed Confidential Information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" or "SUBJECT TO PROTECTIVE ORDER."

15. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

16. Nothing in this Order will bar Counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as Confidential Information, provided that the contents of the information must not be disclosed.

17. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be

-7-
STIPULATION AND PROTECTIVE ORDER;
Case No. 2:17-cv-01967-MCE-KJN

used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

18. Nothing within this Order will be construed to prevent disclosure of Confidential Information if such disclosure is required by law or by order of the Court.

19. Upon final termination of this action, including any and all appeals, Counsel for each party must, upon request of the producing party, return all Confidential Information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, Counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate Confidential Information, and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product Materials that contain Confidential Information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

20. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party. Prior knowledge must be established by pre-production documentation.

21. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any Confidential Information with anyone if that person

already has or obtains legitimate possession of that information.

22. Transmission by facsimile is acceptable for all notification purposes within this Order.

23. This Order may be modified by agreement of the parties, subject to approval by the Court.

24. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

IT IS SO STIPULATED THROUGH COUNSEL OF RECORD.

DATED: January ___, 2018   /s/Matthew B. Hayes
　　　　　　　　　　　　　Matthew B. Hayes (SBN 220639)
　　　　　　　　　　　　　Kye D. Pawlenko (SBN 221475)
　　　　　　　　　　　　　HAYES PAWLENKO LLP
　　　　　　　　　　　　　595 E. Colorado Blvd., Suite 303
　　　　　　　　　　　　　Pasadena, CA 91101
　　　　　　　　　　　　　Telephone: (626) 808-4357
　　　　　　　　　　　　　Facsimile: (626) 921-4932
　　　　　　　　　　　　　mhayes@helpcounsel.com
　　　　　　　　　　　　　kpawlenko@helpcounsel.com

　　　　　　　　　　　　　Attorneys for Plaintiff Annette Horn

DATED: January __, 2018    /s/Sarah Kroll-Rosenbaum
　　　　　　　　　　　　　Kenneth D. Sulzer (SBN 120253)
　　　　　　　　　　　　　Sarah Kroll-Rosenbaum (SBN 272358)
　　　　　　　　　　　　　CONSTANGY, BROOKS, SMITH &
　　　　　　　　　　　　　PROPHETE, LLP
　　　　　　　　　　　　　2029 Century Park East, Suite 1100
　　　　　　　　　　　　　Los Angeles, CA 90067
　　　　　　　　　　　　　Telephone: (310) 909-7775
　　　　　　　　　　　　　Facsimile: (424) 465-6630
　　　　　　　　　　　　　ksulzer@constangy.com
　　　　　　　　　　　　　skroll-rosenbaum@constangy.com

　　　　　　　　　　　　　Attorneys for Defendant Rise Medical
　　　　　　　　　　　　　Staffing, LLC

# ORDER

IT IS SO ORDERED, with the following amendments and clarifications:

1. The parties shall comply with the provisions and procedures of Local Rules 140 and 141 with respect to sealing or redaction requests. To the extent that the parties' stipulation conflicts with the Local Rules, the Local Rules shall govern.

2. Prior to filing any motion related to this stipulated protective order or other discovery motion, the parties shall first exhaust informal meet-and-confer efforts and otherwise comply with Local Rule 251.

3. Nothing in this order limits the testimony of parties or non-parties, or the use of certain documents, at any court hearing or trial—such determinations will only be made by the court at the hearing or trial, or upon an appropriate motion.

4. Pursuant to Local Rule 141.1(f), the court will not retain jurisdiction over enforcement of the terms of this stipulated protective order after the action is terminated.

Dated: January 31, 2018

*/s/ Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, declare and say that:

1. I am employed as _____ by _____.

2. I have read the Protective Order entered in *Horn v. Rise Medical Staffing, LLC*, United States District Court, Eastern District of California Case No. 2:17-cv-01967-MCE-KJN, and have received a copy of the Protective Order.

3. I promise that I will use any and all "Confidential" information, as defined in the Protective Order, given to me only in a manner authorized by the Protective Order, and only to assist Counsel in the litigation of this matter.

4. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described in paragraphs 3 and 7 of the Protective Order.

5. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of California with respect to enforcement of the Protective Order.

6. I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____

_____
Signature