HAYES PAWLENKO LLP
Matthew B. Hayes (SBN 220639)
mhayes@helpcounsel.com
Kye D. Pawlenko (SBN 221475)
kpawlenko@helpcounsel.com
595 E. Colorado Blvd., Suite 303
Pasadena, CA 91101
(626) 808-4357; FAX (626) 921-4932
Attorneys for Plaintiff Annette Horn

BLUMENTHAL NORDREHAUG BHOWMIK DE BLOUW LLP
Norman B. Blumenthal (SBN 060687)
Kyle D. Nordrehaug (SBN 205975)
Aparajit Bhowmik (SBN 248066)
2255 Calle Clara
La Jolla, CA 92037
(858) 551-1223; Fax (858) 551-1232
Attorneys for Plaintiff Tekary Wright and Lisa Delgado

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANNETTE HORN, an individual on behalf of herself and others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>RISE MEDICAL STAFFING, LLC; ADVANCED MEDICAL PERSONNEL SERVICES, INC.; and DOES 1 to 10 inclusive,<br><br>    Defendants. | Consolidated Case No.  2:17-cv-01967-MCE-KJN<br><br>**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Date:       July  9, 2020<br>Time:      2:00 p.m.<br>Location:  Courtroom 7 |
| TEKARY WRIGHT and LISA DELGADO, individuals, on behalf of themselves and on behalf of all persons similarly situated,<br><br>    Plaintiff,<br>vs.<br><br>ADVANCED MEDICAL PERSONNEL SERVICES, INC.; RISE MEDICAL STAFFING, LLC; and DOES 1 through 50, Inclusive,<br><br>    Defendants. | |

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

0

Presently before this Court is Plaintiffs' motion for final approval of a Class Action Settlement Agreement ("Class Settlement") resolving this consolidated action.

This action stems from a putative class action filed by Annette Horn in this Court on September 21, 2017 and a putative class action filed by Tekary Wright in Sacramento County Superior Court on January 30, 2018, and, thereafter, removed to this Court on April 23, 2018. On September 17, 2018, pursuant to a stipulation, this Court consolidated the two putative class actions. *See* Dkt. # 35.

The operative consolidated complaint asserts the following seven claims under California law against Rise Medical Staffing, LLC and Advanced Medical Personnel Services, Inc. (together "Defendants"): (1) failure to pay overtime under California Labor Code § 510; (2) unfair business practices under California Business & Professions Code § 17200, et seq.; (3) waiting time penalties under California Labor Code § 203; (4) civil penalties under California Labor Code § 2698, et seq.; (5) failure to provide meal periods and/or required meal period pay under California Labor Code §§ 226.7, 512 and the applicable Wage Order; (6) failure to provide rest breaks and/or required rest break pay under California Labor Code § 226.7 and the applicable Wage Order; and (7) failure to provide accurate itemized wage statements under California Labor Code § 226. *See* Dkt. # 56 (Consolidated Complaint). All of these claims are premised on challenging the legality of Defendants' exclusion of per diem benefits and monetary bonuses from the "regular rate" when (1) calculating overtime, (2) calculating missed meal and rest pay, and (3) reporting wages earned. *See* Dkt. # 56 (Consolidated Complaint at ¶¶ 14-22, 38, 42, 51, 54-55, 60-61, 65, 69).

On July 1, 2019, Plaintiffs filed a motion for preliminary approval of the Class Settlement. *See* Dkt. # 57. This Court granted preliminary approval of the Class Settlement on August 29, 2019 and conditionally certified the following class (hereafter "Settlement Class") for settlement purposes only:

> All non-exempt hourly healthcare professionals employed by Rise Medical Staffing, LLC and/or Advanced Medical Personnel Services, Inc. to work one or more assignments in California from September 21, 2013 through

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

1

1   February 28, 2018 who received overtime pay and had the value of per diem
2   benefits and/or monetary bonuses received during the assignment(s)
3   excluded from their regular rate for purposes of calculating overtime pay.
4   [*See* Dkt. # 62.]

In accordance with the Order granting preliminary approval, notice was sent to all members of the Settlement Class via first-class U.S. mail advising them of the proposed settlement and providing them with an opportunity to exclude themselves from or object to the Class Settlement. No members of the Settlement Class objected to the Class Settlement and only two individuals requested to be excluded.

The present motion for final approval of the Class Settlement was filed on December 12, 2019 (ECF No. 65), and a motion for attorneys' fees, costs, service awards, and settlement administration expenses was filed on October 25, 2019 (ECF No. 63). A final fairness hearing was initially scheduled for January 9, 2020, then continued to July 9, 2020 due to the Court's unavailability.

The Court has now considered all papers, evidence and argument submitted regarding the Class Settlement. Given the Statement of Non-Opposition filed by Defendants on December 19, 2019 (ECF No. 66), the fact that no objections were made by any member of the Settlement Class, the lack of any other opposition to this Motion, the Court submitted this Motion on the briefing in accordance with E.D. Local Rule 230(g), having determined that oral argument would not be of material assistance in its determination of this matter. Consequently, based on the foregoing, both of Plaintiffs' Motions (ECF No. 63, 65) are GRANTED. IT IS HEREBY ORDERED ADJUDGED AND DECREED as follows:

1.   The Court grants final approval of the Class Settlement and finds that it is fair, reasonable, and adequate and satisfies the standards for final approval of a class settlement under federal law. The parties shall fulfill the terms of the Class Settlement.

2.   For settlement purposes, the Court confirms certification of the Settlement Class defined above. The Settlement Class shall not include the following two individuals who timely

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

2

requested exclusion: Justine Beckett and Brittany Bly.  These two individuals shall not be subject to, nor eligible to receive a payment from, the Class Settlement.

3. The notice of the Class Settlement and notice methodology implemented by the parties following the Order granting preliminary approval of the Class Settlement (i) was the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the proposed settlement, their right to exclude themselves from or object to the proposed settlement, and their right to appear at the final fairness hearing; (iii) was due, adequate and sufficient notice to all persons entitled to receive notice; and (iv) complied fully with applicable law.

4. Upon entry of this Judgment, the Settlement Class shall be deemed to have released any and all class claims that were or could have been alleged based on the facts alleged in the operative complaint which occurred during the class period (i.e. from September 21, 2013 through February 28, 2018), including, but not limited to, claims for (1) failure to pay overtime wages in violation of California Labor Code §§ 510 and 1194; (2) violation of the California Business and Professions Code § 17200 *et seq.*; (3) failure to timely provide wages due in violation of California Labor Code §§ 201, 202, and 203; (4) failure to provide required meal periods in violation of California Labor Code §§ 226.7 and 512 and the applicable Wage Order; (5) failure to provide required rest periods in violation of California Labor Code §§ 226.7 and 512 and the applicable Wage Order; (6) failure to provide accurate itemized wage statements in violation of California Labor Code § 226; and any similar claims and any related statutory and/or civil penalties, which were alleged or could have been alleged based on the facts of the operative complaint ("Class Released Claims").  These Class Released Claims expressly exclude claims of vested benefits, wrongful termination, unemployment insurance, social security, disability, and workers' compensation, and class claims outside the class period and PAGA claims outside the class period.

5. The Court approves attorneys' fees to class counsel in the amount of $600,000 and reimbursement of litigation costs to class counsel in the amount of $12,000, which shall be paid in accordance with the terms of the Class Settlement.

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

3

6. The Court approves service awards of $10,000 to Plaintiff Annette Horn, $10,000 to Plaintiff Tekary Wright, and $5,000 to Plaintiff Lisa Delgado, which shall be paid in accordance with the terms of the Class Settlement.

7. The Court approves settlement administration fees and expenses to ILYM Group, Inc. in the amount of $20,000, which shall be paid in accordance with the terms of the Class Settlement.

8. This document shall constitute final judgment for the purpose of Rule 59 of the Federal Rules of Civil Procedure. Without affecting the finality of this matter, this Court shall retain jurisdiction over this action and the parties for purposes of enforcing the terms and conditions of the Class Settlement.

9. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

**Dated: July 6, 2020**

MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

**ORDER AND JUDGMENT GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT**

4